UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KERRY VEREEN, | ) | CASE NO. 5:10-CV-2571 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE MCHARGH |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to the consent of the parties. (Doc. 12). The issue before the undersigned is whether the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff Kerry Vereen's application for a Period of Disability and Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, is supported by substantial evidence, and therefore, conclusive.

For the reasons set forth below, the Court AFFIRMS the decision of the Commissioner.

I. INTRODUCTION & PROCEDURAL HISTORY

On October 13, 2006, Kerry Vereen ("Plaintiff" or "Vereen") protectively filed an application for a Period of Disability and Disability Insurance benefits alleging that she became disabled on August 15, 2001, due to suffering from degenerative arthritis in her back and flat back syndrome. (Tr. 85-89, 92, 138). Plaintiff's application was denied initially and upon reconsideration. (Tr. 34-39). Vereen timely requested and was granted a hearing before Administrative Law Judge Francis F. Talbot (the "ALJ" or "ALJ Talbot"). (Tr. 55-58, 62-66).

On April 30, 2009, ALJ Talbot conducted a hearing via video wherein Plaintiff, represented by counsel, appeared and testified. (Tr. 17-33). ALJ Talbot presided over the

hearing from North Charleston, South Carolina, and Plaintiff appeared in Myrtle Beach, South Carolina. (Tr. 11). Plaintiff's husband, Mr. Steven Vereen, also appeared and testified at the hearing. (Tr. 29-32). At the beginning of the hearing, Plaintiff's counsel informed the ALJ that she had additional medical records from Dr. Don Johnson which she desired to be included in the record. (Tr. 20). The ALJ admonished counsel, and counsel agreed, to submit such records to ALJ Vereen later that same day. (Tr. 20-21, 32). After applying the five-step sequential evaluation analysis[1] to Plaintiff's claim, the ALJ issued his written decision denying Vereen's application for benefits on June 19, 2009. (Tr. 11-16).

Following the issuance of the ALJ's unfavorable decision, Vereen requested review of the decision from the Appeals Council on August 19, 2009. (Tr. 6-7). Plaintiff also submitted

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

(2) If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3) If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5) Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

additional evidence to the Appeals Council in support of her request for review. The additional evidence included: 1) medical records various physicians from the Southeastern Spine Institute; 2) treatment notes and reports from Dr. Don Johnson; 3) medical records and treatment notes from Dr. Mark Netherton; and 4) a report from Dr. Mark Cecil of Omni Orthopaedics. (Tr. 341-83). Nevertheless, on September 22, 2010, the Appeals Council denied Vereen's request for review, thereby making ALJ Talbot's decision the final decision of the Commissioner. (Tr. 1-4). Plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

Plaintiff, born on April 3, 1968, was forty-one years old on the date of her hearing deeming her as a "younger person" for Social Security purposes. (Tr. 21); 20 C.F.R. § 404.1563(c). She graduated from high school and attended college. (Tr. 144). She has past experience working as an accounts receivable and billing clerk and supervisor. (Tr. 153-56).

## II. ALJ's DECISION

After completing a review of the record, ALJ Talbot determined that Vereen was not disabled under the Social Security regulations. (Tr. 11-16). At step one of the sequential evaluation analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity from August 15, 2001, her alleged onset date, through June 30, 2007, her date last insured. (Tr. 13). At step two, ALJ Talbot ruled that Vereen suffered from scoliosis, which was her only severe impairment. *Id*. However, at step three, he concluded that this condition did not meet or equal one of the listed impairments enumerated in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. Next, the ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of sedentary work, as defined in 20 C.F.R. § 404.1567(a). *Id*. Thus, at step four, ALJ Talbot held that Vereen was capable of performing her past relevant work as an

accounts receivable and billing clerk because the exertional demands of such employment did not exceed Plaintiff's RFC. (Tr. 15).

### III. DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20 C.F.R. §§ 404.1505, 416.905.

### IV. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards. *See Cunningham v. Apfel*, 12 F. App'x 361, 362 (6th Cir. 2001)*; Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)*; Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed*. Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)*; Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.

1983). This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387. However, it may examine all the evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

V. ANALYSIS

Plaintiff submits two assignments of error attacking ALJ Talbot's disability ruling. First, Vereen contends that the ALJ's RFC finding is not supported by substantial evidence. Second, Plaintiff maintains that remand is warranted because the Appeals Council failed to consider the additional evidence she submitted to it in her appeal of the ALJ's decision.

A. ALJ's RFC Finding

Vereen challenges ALJ Talbot's RFC assessment finding her capable of performing sedentary work on two grounds. Initially, Plaintiff argues that the ALJ failed to address a significant amount of evidence referencing her "persistent, severe back pain" an "unresolved [problems with] urinary frequency". (Tr. 11). Additionally, Vereen purports that the ALJ's failure to label her facet arthropathy and urinary frequency as severe impairments was error. In support of these arguments, Plaintiff pointed to a number of medical records reflecting tenderness, spasm, positive straight-leg raises, limited ranges of motion, muscle guarding, facet blocks and steroid injections, and Plaintiff's complaints and treatment for frequent urination, which she argues the ALJ failed to mention in his opinion. (Tr. 11-12).

The undersigned finds that neither of these arguments warrant remand. Although the records Plaintiff cites to corroborate her complaints of back pain and frequent urination, the ALJ's failure to explicitly address this evidence does not constitute a sufficient basis for the

5

Court to disturb the ALJ's ruling. As Defendant properly noted, there is no regulation or case law which requires an ALJ to specifically mention each piece of evidence in his/her decision. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (*citing Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)). Accordingly, the Court rejects Plaintiff's request for remand on this basis.

Moreover, the ALJ's holding that Plaintiff is capable of performing sedentary work is supported by the record. On February 2, 2007, state agency physician, Dr. Mary Lang, conducted a review of Vereen's file and assessed Plaintiff's RFC. (Tr. 320-27). Dr. Lang opined that Plaintiff retained the RFC to complete work at the light exertional level.[1] (Tr. 321). Her RFC evaluation also included a brief chronological history of Plaintiff's treatment throughout the relevant period, acknowledging much of the evidence Plaintiff now relies upon in her challenge to the ALJ's ruling. (Tr. 321-22). Specifically, Dr. Lang noted Plaintiff's medical history of tenderness, spasm, muscle guarding and limited range of motion in her back. *Id*. Additionally, she recited Plaintiff's history of facet arthropathy, facet injections and urinary frequency. *Id*. The physician ultimately found that Vereen's urinary frequency was not a severe impairment. (Tr. 322). On April 23, 2007, state agency physician, Charles Fitts, M.D., affirmed Dr. Lang's conclusions as written. (Tr. 328).

"State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified . . . [and] are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(f)(2)(i); *see also* SSR 96-6p.

---

[1] The regulations define light work as "involv[ing] lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

Accordingly, opinions from such doctors are entitled to great weight if supported by the record. *King v. Astrue*, No. 6:09-162, 2010 WL 1257753, at *4 (E.D.Ky. Mar. 26, 2010); *Coleman v. Astrue*, No. 2:09-0036, 2010 WL 4094299, at *11 (M.D.Tenn. Oct. 18, 2010). In this case, the record was mostly consistent with Dr. Lang's conclusions. For instance, office visit notes from Dr. Russell DeMicco, D.O., dated November 13, 2006, show that Plaintiff had some back pain, but also illustrate that her range of motion was within expected limits and her gait was normal. (Tr. 299-305). Furthermore, Dr. DeMicco did not list any restrictions on Plaintiff's ability to work. *Id.* Although Plaintiff's chiropractor, Dr. Patrick Martin, reported that Plaintiff would be partially permanently disabled due to the rods inserted in her back, (Tr. 292), ALJ Talbot ruled that this conclusion was not inconsistent with his finding that Plaintiff could perform sedentary work. (Tr. 15). These medical records support the ALJ's finding that Plaintiff could perform sedentary work.

Though one of Plaintiff's physicians, Dr. Don Johnson, completed an evaluation indicating that she could work no more than four hours in an eight hour workday, (Tr. 335-40), the ALJ discredited this finding. ALJ Talbot noted that there were no treatment records to support Dr. Johnson's statement and that because his evaluation was completed on April 20, 2009, nearly two years after Plaintiff's date last insured expired, his opinion was only entitled to little weight. (Tr. 15). Aside from Dr. Johnson's report, the remaining medical evidence presented to ALJ Talbot supported his conclusion that Vereen retained the RFC to perform sedentary work.

The undersigned also rejects Plaintiff's suggestion that remand is necessary due to the ALJ's failure to list her facet arthropathy or urinary frequency as severe impairments at step two of the sequential analysis. Although an ALJ's inquiry at step two is based upon a *de minimis*

7

standard, *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 691-92 (6th Cir. 1985), not all impairments are severe as the mere diagnosis of a condition does not speak to its severity. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Notwithstanding, an ALJ's failure to name one of the claimant's impairments as severe at step two does not constitute reversible error so long as the ALJ considers all of the claimant's impairments, severe and non-severe, during later steps of the sequential evaluation analysis. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

In the case *sub judice*, ALJ Talbot's decision to exclude Vereen's facet arthropathy and urination frequency from his finding at step two is supported by the record evidence. Notably, Dr. Lang expressly commented that Plaintiff's urinary frequency was not a severe impairment. (Tr. 322). Additionally, the Commissioner asserts, and Plaintiff has not objected, that Vereen's frequent urination only persisted for a total of six months during the time period under review, from November 2004 through May 2005. (Def.'s Br. at 10). In fact, all of the records which Plaintiff cites to in her brief regarding this impairment fall within this time period. *See* (Pl.'s Br. at 11-12). Because Plaintiff's urinary frequency did not last for a period of at least twelve months, it could not have formed the basis of Plaintiff's disability claim.[2] Both Dr. Lang's findings and the brief duration of Plaintiff's urinary frequency provide support for ALJ Talbot's refusal to deem this impairment as severe.

Neither does the ALJ's treatment of Vereen's facet arthropathy warrant remand. As mentioned above, at step two of the analysis, ALJ Talbot ruled that Plaintiff's scoliosis was a

---

[2] Although Plaintiff complained of urinary frequency during the hearing, any ailments plaguing her subsequent to her date last insured are not relevant to the Court's analysis of the ALJ's decision regarding the current application under review. *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 712 (6th Cir. 1988)

severe impairment. Although he did not find that her facet arthropathy met this standard, he continued to evaluate all of Plaintiff's impairments, severe and non-severe, including this ailment, at later stages of his analysis. For instance, in the ALJ's discussion of the medical evidence, he noted that a computer tomography ("CT") scan showed facet arthropathy in Plaintiff's back. (Tr. 14). As a consequence, the ALJ's failure to label this malady as a severe impairment does not constitute reversible error. *See Maziarz,* 837 F.2d at 244. Finally, the Court rejects Plaintiff's contention that the ALJ should have explained why these impairments were not listed as severe. Vereen failed to cite any case law demonstrating that the ALJ was under a duty to take such actions, and the Court has already determined that even given such a requirement, the ALJ's actions here were proper.

### B. Evidence Submitted To The Appeals Council

Plaintiff next argues that the Appeals Council erred by failing to address the additional evidence she submitted to it in her request for review of ALJ Talbot's decision. In particular, Vereen submits that the Appeals Council should have considered the medical records she submitted from Dr. Don Johnson, and that had it considered such and given it controlling weight, the council would have concluded that Plaintiff was disabled. Plaintiff therefore, requests the Court to order remand to allow for full and proper evaluation of this evidence.

As an initial matter, the Sixth Circuit has announced that "courts may not reverse an administrative law judge's decision on the basis of evidence first submitted to the Appeals Council…". *Cotton v. Sullivan,* 2 F.3d 692, 696 (1993). Rather, in cases such as the present, where the new evidence was submitted to the Appeals Council, and the Appeals Council declined the claimant's request for review, the court's role is to review the ALJ's decision and determine whether it was supported by the substantial evidence in the record at the time the ALJ

9

issued his decision. *Id*; *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The Court is not at liberty to review the Appeals Council's decision denying Plaintiff's request for review. *See Cotton*, 2 F.3d at 696. Thus, Plaintiff's challenge to the Appeals Council's denial is moot.

On the other hand, sentence six of 42 U.S.C. § 405(g) permits a court to remand a case back to the ALJ for consideration of new evidence under certain circumstances. 42 U.S.C. § 405(g) states in pertinent part:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g).

The Sixth Circuit has interpreted this statute as creating three requirements to warrant remand for consideration of additional evidence. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711-13 (6th Cir. 1988); *Cotton*, 2 F.3d at 695. First, the claimant must submit evidence that is new. "New evidence must indeed be new; it cannot be cumulative of evidence already in the record." *Elliot v. Apfel*, 28 F. App'x 420, 423 (6th Cir. 2002). Second, the evidence must be material. To satisfy this burden, the claimant must "demonstrate that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711. Third, the claimant must show good cause exists for her failure to include the evidence in the prior proceeding. *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 549 (6th Cir. 2002).

Plaintiff's brief failed to address any of these three requirements necessary to justify remand for consideration of additional evidence. This failure is detrimental to Plaintiff's request

10

as the Court finds that she is unable to satisfy the requirements of this three-part test.  The additional evidence Plaintiff submitted to the Appeals Council appears at pages 341 through 383 of the administrative transcript.  Except for a letter issued by Dr. Mark Cecil, (Tr. 380-83), these additional records contain medical treatment notes and correspondence from Plaintiff's physicians dated in 2007 and 2008.  *See* (Tr. 341-79).  Because this evidence was created and existed prior to the date of Vereen's hearing in April 2009, it is not new.  To be considered "new", the evidence must have "not [been] in existence or available to the claimant at the time of the administrative proceeding."  *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (*citing Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)).  These records clearly existed prior to the time of Plaintiff's hearing before ALJ Talbot and therefore, are not new.

Moreover, even if the Court were to deem this evidence as new, which it does not, Plaintiff has not shown good cause for her failure to submit such to the ALJ at the hearing.  In order to satisfy the good cause requirement of 42 U.S.C. § 405(g), the claimant must offer an acceptable reason for her failure to obtain the evidence prior to the administrative hearing.  *Merrimon v. Astrue*, No. 3:08-1137, 2010 WL 3893703, at *8 (M.D.Tenn. Sept. 30, 2010); *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964 (6th Cir. 1986).  Although during the hearing counsel asked the ALJ to hold the record open to receive a report from Dr. Johnson, the ALJ instructed counsel, and counsel agreed, to forward the evidence to the ALJ later that day.  *See* (Tr. 20-21, 32).  Vereen has offered no explanation for her failure to submit Dr. Johnson's report or any of the other additional evidence to ALJ Talbot during the hearing or later that day.  Interestingly, ALJ Talbot did not render his decision on Plaintiff's application until June 19, 2009 – more than 40 days after the hearing concluded.  Therefore, the Court cannot find that

good cause exists for Plaintiff's failure to submit her additional evidence to the ALJ either during the hearing or immediately following.

The undersigned is also unconvinced that remand is warranted for consideration of Dr. Cecil's report dated January 4, 2010.  While this evidence may be considered "new" because it was not in existence at the time of hearing, it is not material.  In order to order remand for consideration of new evidence, there must be a reasonable probability that the new evidence would cause the ALJ to reach a different decision.  *Sizemore*, 865 F.2d at 711.  Here, Dr. Cecil's report mostly recites Plaintiff's medical history and assesses her current status.  (Tr. 381-82).  The doctor did not place any restrictions on Plaintiff's ability to work, or suggest that she was incapable of working.  *Id*.  Instead, Dr. Cecil merely opined that he believed Plaintiff had a surgically correctable lesion, and recommended further imaging of her spine.  *Id.*  Considering the lack of express language proving disability or any enumeration of specific limitations within Dr. Cecil's report, the undersigned does not believe that there is a reasonable probability that it would have caused ALJ Talbot to render a different decision.  Thus, Dr. Cecil's report is not material and the Court denies Plaintiff's request for remand.

## VI.  DECISION

For the foregoing reasons, the Magistrate Judge finds that the decision of the Commissioner is supported by substantial evidence. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: December 5, 2011.